CHARLES S. FAULKNER, Respondent, *v.* HELEN L. RUDELL, Sometimes Known as HELEN L. FAULKNER, Appellant.

Second Department, January 7, 1921.

Equity — suit to set aside deeds given by husband to wife — mutual wills made at same time — defendant not legally divorced from first husband — decree of separation in favor of defendant — revocation of will by defendant — defendant entitled to charges paid by her on property as condition to reconveyance — finding of fact not germane to issues improper.

In a suit to have two deeds set aside it appeared that the plaintiff and defendant were ceremonially married in Connecticut after the defendant had secured a divorce from her former husband by a decree of the Circuit Court of South Dakota on the service of a summons by publication; that thereafter the defendant's first husband secured a decree of divorce in this State; that the first deed in question was made by the plaintiff to the defendant on the same day mutual wills were executed; that the second deed was made sometime thereafter while the said wills were in full force; that subsequent to the making of the deeds and wills the defend-

ant began a separation action against the plaintiff herein which resulted in a decision that the parties were not husband and wife and the defendant herein then revoked her said will, and that the plaintiff herein contended that he was ignorant of the divorce decree granted to the defendant's first husband.

*Held,* that the deeds should be set aside on the ground that they were made by the plaintiff in the belief of the matrimonial relationship and on the ground also that they were made in consideration of the mutual wills.

But as a condition to the reconveyance the defendant should be repaid the charges upon the property which she personally paid while holding the title, with interest thereon, or she should be given a lien on the property for the amount.

Defendant's revocation of her will is of itself ample ground in equity for setting aside the deeds.

The finding in support of the plaintiff's contention, that at the time of the separation suit between the parties the defendant was maintaining illicit relations with another, was improper as not germane to the issues and not supported by the evidence.

APPEAL by the defendant, Helen L. Rudell, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 26th day of March, 1920, upon the decision of the court rendered after a trial at the Westchester Special Term setting aside two certain deeds by plaintiff to defendant of real property in the village and town of Rye in said county.

*Humphrey J. Lynch,* for the appellant.

*Benjamin I. Taylor,* for the respondent.

MILLS, J.:

With two exceptions, hereinafter stated, the material facts are undisputed, and are the following:

Defendant was formerly the wife of one John Rudell. On January 24, 1906, she obtained a divorce from him by the decree of the Circuit Court of South Dakota, in an action wherein he was served by publication merely, the parties then being residents of New York State. On July 9, 1909, the plaintiff and defendant were ceremonially married at Greenwich in the State of Connecticut. Thereafter they lived together as husband and wife mainly in the village of Rye until some time in 1919, when they separated. Meanwhile, in 1910, Rudell

obtained in this State a divorce from the defendant upon the ground that the South Dakota divorce obtained by her was invalid and that, therefore, her relations with the plaintiff as his wife had legally been adulterous. On September 11, 1910, a son was born to plaintiff and defendant, and he is still living and resides with defendant. On January 10, 1919, defendant began in this court a separation action against plaintiff, although they were then still residing together. In his answer therein he pleaded the said New York judgment of divorce in favor of Rudell, and upon that basis alleged that defendant was not his wife. The action was tried at the Westchester Special Term and resulted in a decision for the defendant therein to the effect that the parties were not husband and wife. On July 22, 1915, plaintiff made a deed to the defendant of the first parcel of real estate; and upon the same day each executed a will in favor of the other of his or her entire estate, each instrument describing them as husband and wife. After bringing the said separation action, defendant notified plaintiff that she had revoked her said will; in fact, she then made another which apparently gave her property to her son. On January 22, 1917, plaintiff made and gave to the defendant the deed of the other parcel, the said wills being then in full force.

In addition to the above facts, plaintiff claimed at the trial that when he gave each deed he was entirely ignorant of the Rudell New York divorce judgment and acted in full faith that defendant was his lawful wife; while defendant claimed that he then knew well the fact of said judgment. Plaintiff further claimed that when defendant began her said separation action she was maintaining illicit relations with one Dr. Simpson, but the defendant denied that. Each of the parties testified in support of his or her claim as to those disputed facts, and the learned trial justice as to each found in favor of the plaintiff. The decision also found that the deeds were given upon the faith that the mutual wills would be maintained.

It appeared that, while holding the title under such deeds, defendant had paid $500 upon the principal of one of the mortgages, and also the carrying charges of the two properties. The decision and judgment set aside the deeds absolutely and did not give the defendant any lien upon the properties

for such payments made by her or direct the plaintiff to reimburse her for them. Defendant's counsel submitted voluminous requests to find, but I do not perceive that any one of them involved a statement of the amount of those expenditures or a request that defendant should be given a lien therefor, or even in any way be reimbursed. Perhaps he considered that he could not consistently make that request, even in the alternative.

Upon a review of the record and of the briefs submitted, I have concluded that the learned trial justice was warranted in making his main decision, both upon the ground that the deeds were made in the belief of the matrimonial relation and also upon the ground that they were made in consideration of the mutual wills. It seems to me that defendant's revocation of her said will is of itself ample ground in equity for setting aside the deeds.

Still it seems to me now, as indeed it did upon the argument, that under the maxim of " He who asks equity must do equity " defendant should, as a condition of reconveyance, be repaid the charges upon the properties which she has personally paid while holding title, with interest thereon, *i. e.*, the payments upon the mortgages, principal and interest; the taxes and insurance; and anything else which, had plaintiff continued to be the record owner, he would have been obligated to pay — or that she should be given a lien upon the properties for that amount. It does not appear practicable from the record to determine that amount, and, therefore, I think that the action must be remitted to the Westchester Special Term for that determination.

As to the finding that defendant's relations with Dr. Simpson were improper, I think that it is based upon doubtful evidence, and, anyway, that it is not germane to the decision of the issues; certainly the evidence would not be regarded as sufficient to sustain a finding of guilt in a divorce action. Therefore, I think that that finding should be reversed. The reputation of a woman should not be blasted thus collaterally, even if the proofs might otherwise warrant the conclusion. I may add that it cannot be doubted that both parties at the time believed that their marriage in Connecticut was valid, and that, as their relations seem to have been harmonious for

many years after the New York Rudell divorce, which was obtained in 1910, it seems strange that plaintiff and defendant here did not remarry in Connecticut as they lawfully might have done. The answer alleges that plaintiff claimed to defendant that it was unnecessary to have the ceremony performed again, his theory perhaps being that their living together as husband and wife constituted a common-law marriage. Apparently at the trial of the separation action the court did not so conclude, probably because in the eye of the law the beginning of their relation had been meretricious.

Therefore, I advise that the finding that defendant's relations with Dr. Simpson were improper be reversed; and that the judgment appealed from be modified so as to provide that as a condition of receiving the reconveyance plaintiff shall pay to the defendant the amount of her expenditures upon the properties which he would have been obligated to pay had he continued the record owner of them; and that defendant have a lien upon the said properties for the amount of said charges so paid and interest thereon; and that the action be remitted to the Westchester Special Term by itself or by a referee, as it may elect, to take proof and determine said amount; and that the judgment as so modified be affirmed, without costs.

JENKS, P. J., RICH, BLACKMAR and JAYCOX, JJ., concur.

The finding that defendant's relations with Dr. Simpson were improper reversed. Judgment modified so as to provide that as a condition of receiving the reconveyance plaintiff shall pay to defendant the amount of her expenditures upon the properties which he would have been obligated to pay had he continued the record owner of them; that defendant have a lien upon the said properties for the amount of said charges so paid, and interest thereon; and that the action be remitted to the Westchester Special Term, by itself or by a referee, as it may elect, to take proof and determine said amount. As so modified, judgment affirmed, without costs.